IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM LASISI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-2523 |
| BANK OF AMERICA, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                 July 29, 2009

      This action arises from the refinancing on July 29, 2005 of a residential mortgage by plaintiff William Lasisi. The gravamen of the claim is that he obtained from defendant Bank of America a "Borrower's Protection Plan" to protect him from default in the event of his inability to pay his mortgage. Thereafter, plaintiff lost his job. He did not obtain benefits under the Plan. He defaulted on his mortgage. Defendant foreclosed on his property, located in Delaware Count, Pa., and on August 29, 2008, it was sold at sheriff's sale.

      Plaintiff's original complaint contained a breach of contract claim based on defendant's non-payment of benefits under the plan, together with other common-law causes of action. It also alleged violations of eight consumer-lending statutes. Defendant moved to dismiss the original complaint, and plaintiff filed an amended complaint. By order dated January 29, 2009, defendant's motion to dismiss the amended complaint was granted.

      There was no appeal.

      The amended complaint alleged that on July 29, 2005, plaintiff refinanced his mortgage by executing a note and mortgage in favor of defendant, Bank of America. First Amended Civil Action Complaint, ¶ 11. The mortgage was accompanied by a "Borrower's

Protection Plan," for which plaintiff paid $65 per month, and which, according to the complaint, "would protect plaintiff in case of Disability, Unemployment and/or Accidental Death." Id., ¶¶ 13-15. After termination of his employment, plaintiff contacted defendant in an eventually unsuccessful effort to invoke the Plan's protections. Id., ¶¶ 17-20, 23, 24.

The amended complaint asserted the following: violations of the Truth in Lending Act (Count I), the Real Estate Settlement Procedures Act (Count II), the Credit Services Act (Count III), Pennsylvania's Unfair Trade Practice and Consumer Protection Law (Count IV), and the Fair Credit Extension Uniformity Act (Count V).[1] In addition to compensatory, punitive and statutory damages, plaintiff requests recission of his loan.

*Rooker-Feldman* bars review of state court mortgage foreclosure proceedings. To the extent that plaintiff requests relief that is not precluded by *Rooker-Feldman*, the amended complaint does not state a claim for relief that is cognizable on its face.[2]

The *Rooker-Feldman* doctrine "is narrowly tailored and only applies to 'cases brought

---

[1] In response to defendant's motion to dismiss the amended complaint excepting the breach of contract claim, plaintiff voluntarily withdrew all of his common law claims, including claims for fraud, breach of contract, negligent misrepresentation, breach of fiduciary duty, conversion and unjust enrichment. Docket no. 17. He later withdrew a Home Ownership and Equity Protection Act claim that had been included in Count I. Plaintiff's response at 2, docket no. 18.

[2] In deciding a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the complaint in the light most favorable to the plaintiff." Haspel v. State Farm Mut. Auto. Ins. Co., 241 Fed. Appx. 837, 839 (3d Cir. 2007), citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2005). A complaint will survive a motion to dismiss when it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Haspel, 241 Fed. Appx. at 839, quoting Bell Atl. Corp. v. Twombly,– U.S. –, 127 S. Ct. 1955, 1969 (2007) (citations omitted).

by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those proceedings.'" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).[3] It prohibits the exercise of lower federal court jurisdiction over claims that were actually litigated in state court[4] or where the claim is inextricably intertwined with the state court's adjudication. ITT Corp. v. Intelnet Int'l. Corp., 366 F.3d 205, 210 (3d Cir. 2004).[5]

Here, plaintiff's TILA claim requesting recission of his loan, and his RESPA claim, are barred. Moreover, "[i]nsofar as Plaintiff['s] action in this court would require a determination that [his] liability on the mortgage differs ( i.e., is less than) the amount of the

---

[3] "*Rooker-Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its own orders." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). "A mortgage foreclosure action depends upon the existence of a valid mortgage. A proper claim that a loan must be rescinded . . . would have the effect of invalidating the mortgage. If [plaintiff's] claim for recission were permitted to proceed and [plaintiff] obtained a favorable judgment, the resulting federal judgment would necessarily negate the state court foreclosure judgment, a judgment which had been rendered prior to the commencement of [this action]. This result is precisely the outcome prohibited by the *Rooker-Feldman* doctrine." In re Madera, 388 B.R. 586, 597-98 (E.D. Pa. 2008) (dismissing TILA claim following default foreclosure judgment).

[4] The doctrine is equally applicable in cases involving entry of default judgments in state court. In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005); In re Stuart, 367 B.R. 541, 550 (E.D. Pa. 2007).

[5] "A federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." Andrew v. Ivanhoe Financial, Inc., 2008 WL 2265287, at *7 (E.D. Pa., filed May 30, 2008), citing Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004) (finding relief under RESPA, TILA and HOEPA barred by *Rooker-Feldman* where default judgment in state court foreclosure proceedings had been entered prior to commencement of federal action).

state court foreclosure judgment . . . such relief is precluded by *Rooker-Feldman*." In re Stuart, 367 B.R. 541, 552 (E.D. Pa. 2007). To the extent that plaintiff's request for damages includes a request for return of funds paid by plaintiff under the mortgage, or forfeiture of loan proceeds, they are not subject to review. A judgment in plaintiff's favor would have the effect either of negating the state court's judgment or constituting a finding that the judgment was erroneously entered.

As to plaintiff's TILA claim, the amended complaint alleges that plaintiff was not supplied with the disclosures required by that Act, or that the information he received was inaccurate. Amended complaint, ¶¶ 40, 41. Defendant attached to its motion the "FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT" alleged to have been given to plaintiff. Exhibit "A" to defendant's motion.[6] That document sets forth the annual percentage rate, finance charge and amount financed - all disclosures that plaintiff avers he was not given. Defendant also attached the "NOTICE OF RIGHT TO CANCEL" signed by plaintiff, which correctly states that the third business day after closing was August 2, 2005, and is, therefore, not in violation of TILA.[7] Exhibit "B" to defendant's motion. Contrary to assertions in the complaint, plaintiff was not entitled to special disclosures in connection with his residential mortgage. 12 C.F.R. § 226.3(a)(2)(I). ("This section does not apply to . . . a

---

[6] "Plaintiffs cannot prevent a court from looking at the texts of documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1426 (3d Cir. 1997).

[7] Plaintiff contends that the intervening Saturday should not have been included in the computation. However, Saturdays are business days under TILA. 12 C.F.R. § 226.2.

residential mortgage transaction.").

As to plaintiff's RESPA claim, the amended complaint alleges that the "pre-paid finance charges paid by Plaintiff is believed neither properly disclosed nor bona fide and/or reasonable under TILA/HOEPA, thus 'fee splitting.'" Amended complaint, ¶ 47. RESPA requires lenders to supply borrowers who request it information regarding charges associated with the settlement process. 12 U.S.C. § 2603(b). The complaint does not allege that plaintiff requested information, or that defendant failed to supply information in violation of RESPA. In response to defendant's motion, plaintiff contends that he was overcharged finance charges and that these overcharges constituted fee-splitting or kick-backs, which are prohibited under RESPA. Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384 (3d Cir. 2005). However, the sole sentence in the amended complaint setting forth an alleged RESPA violation does not state a claim for fee-splitting or kick-backs, see Santiago, 417 F.3d at 388-89. It merely alleges overcharges.

The Credit Services Act claim states "Defendant was in violation of the CSA, 73 P.S. § 2182, et seq., for the reasons stated above." Amended complaint, ¶ 48. However, the amended complaint does not specify that defendant engaged in conduct prohibited by CSA As to paragraph 4 of § 2183, the amended complaint alleges:

> Defendant misrepresented and/or omitted material facts to Plaintiff, including the aforesaid (incorporated herein by reference)[8] and as more fully described as following [sic] but not limited to: (a) that the loan was beneficial to Plaintiff when it was not; (b) that their [sic] fees and costs were usual and customary, when they were not; (c)

---

[8] This appears to refer to allegations concerning the "Borrower's Protection Plan."

that their [sic] loans were conventional and fixed, when they were not; (d) that the loan contained characteristics which it did not; and/or (e) that the certain amounts were due and owing, when they were not.

Amended complaint, ¶ 37.

This does not satisfy the pleading requirements of Fed. R. Civ. P. 9(b), which requires that fraud be pleaded with particularity, including "who, what, when and where." <u>Rosen v. Communication Serv. Group</u>, 155 F.Supp.2d 310, 316 (E.D. Pa. 2001). The amended complaint does not "contain either direct or inferential allegations respecting all the material elements necessary to recovery under" CSA. <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __ , 127 S. Ct. 1955, 1969 (2007). Contrary to plaintiff, lender liability statutes such as CSA are not "self-descriptive and factually supported on their face by reference if not more." Plaintiff's response, at 15.

Similarly, the amended complaint, with respect to plaintiff's Fair Credit Extension Uniformity Act claim, states, "Defendants were in violation of the FCEUA, 73 Pa.C.S. § 2270.1, et seq., for the reasons aforesaid (incorporated by reference)." Amended complaint, ¶ 51. The FCEUA prohibits lenders from engaging in unfair or deceptive debt collection practices as defined in that statute. The amended complaint does not contain any allegations describing any debt collection efforts engaged in by defendant.[9]

Plaintiff's Unfair Trade Practices and Consumer Protection law claim is a virtual

---

[9] Plaintiff argues that the debt collection practice at issue is the foreclosure. Plaintiff's response at 15. However, the only facts alleged in the amended complaint with respect to the foreclosure are that defendant filed a foreclosure action against plaintiff after he defaulted on his loan. Amended complaint, ¶ 27.

recitation of the language of the statute. Amended complaint, ¶ 50. Compare 73 P.S. § 202-1 and 2. However, the misrepresentations alleged to have been made by defendant, and the fraudulent and deceptive conduct engaged in are not described at all, and there is no allegation of reliance. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 225-26 (3d Cir. 2008) (on interlocutory appeal, overruling denial of motion to dismiss UTPCPL claim where plaintiff did not plead justifiable reliance).

In his rebuttal memorandum, plaintiff requested leave to amend. Docket no. 26, at 3. However, the request does not attach a proposed amended pleading, and does not describe facts that would cure its pleading deficiencies. In re NAHC, Inc. Sec. Lit., 306 F.3d 1314, 1332 (3d Cir. 2002) (denial of request to amend complaint was not abuse of discretion where plaintiff did not "provide proposed amendments or specific facts that would cure the Complaint's pleading deficiencies.") Accordingly, the request to amend was denied.


                              BY THE COURT:


                              /s/ Edmund V. Ludwig
                              Edmund V. Ludwig, J.